UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SCOTT K.H. BESSENT,

        Plaintiff,

v.

WILLIAM F. TRINKLE,

        Defendant.

------------------------------------------------------------x

10 Civ. _____

**COMPLAINT**

*RECEIVED JUN 23 2010 U.S.D.C. S.D.N.Y. CASHIERS*

        Plaintiff Scott K.H. Bessent, by and through his attorneys, BLANK ROME LLP, as and for his Complaint against William F. Trinkle, alleges as follows:

## NATURE OF ACTION

    1.    As alleged more fully herein below, this action seeks the following: (i) Two-Million dollars ($2,000,000.00) in principal amount that Plaintiff loaned to Defendant pursuant to a Mortgage Note, and secured by a Mortgage, which became due and owing on March 31, 2010; (ii) interest that has accrued on the principal amount and is calculated at a compounded rate of 5.8% from September 1, 2008, to March 31, 2010; (iii) interest that has accrued, and continues to accrue, on the principal amount and is calculated at a compounded, default rate of 11.6% from April 1, 2010, to the date of full payment and satisfaction of all sums due and owing to Plaintiff; and (iv) the costs and expenses associated with the collection, and enforcements, of payment under the Mortgage Note and Mortgage, including reasonable attorneys' fees and related disbursement expenses.

## PARTIES

2. Plaintiff Scott K.H. Bessent ("Bessent") is a domiciliary of the State of Florida and currently resides at 92 La Gorce Circle, Miami Beach, Florida 33141.

3. Upon information and belief, Defendant William F. Trinkle ("Trinkle") is a domiciliary of New York State and currently resides at 252 Seventh Avenue, Apt 18C, New York, New York 10001.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the Plaintiff is a citizen of the State of Florida, the Defendant is a citizen of the State of New York, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This Court has jurisdiction over this matter in that the defendant is a domiciliary of the State of New York.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) because the Defendant resides in New York City in the State of New York and 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## FACTUAL BACKGROUND

### The Mortgage Note and Mortgage

7. In August of 2008, Bessent agreed to loan Trinkle the principal amount of two – million dollars ($2,000,000.00) (the "Loan"). The Loan is evidenced by a Mortgage Note (the "Note") and secured by a Mortgage, each dated August 15, 2008.

8. On August 15, 2008, Defendant executed the Note, a copy of which is annexed hereto as Exhibit A, and incorporated herein as if set forth at length.

9. By the terms of the Note, Defendant agreed to pay Plaintiff the principal sum of $2,000,000.00 with interest thereon to be computed, on a compounded basis, from the date of the Note at a rate of 5.8 percent (5.8%) per annum, with payment to commence on September 1, 2008, and to continue each month thereafter, and added to principal and accrue interest thereon, if not paid.

10. The entire unpaid principal balance and interest accrued on the Note became due and payable on March 31, 2010 (the "Maturity Date"). The Note provides in pertinent part:

> "The entire principal together with any accrued interest shall be due and payable on or before March 31, 2010."

See Exhibit A.

11. The Note further provides, and Defendant agreed and promised, that in the event of default in the payment of principal on or before March 31, 2010, the principal amount of the Note will accrue interest at a default rate of 11.6 percent (11.6%) per annum, or the highest rate permitted by law, whichever is less, until full payment is made. Under the current law of New York State, the default rate of 11.6% per annum applies to the outstanding balance due and owing by Trinkle.

12. The Note also provides that upon default in making payment, the Defendant agreed and promised to pay all legal fees and costs of the collection process.

13. From March 31, 2010, to date, Defendant has failed to pay the principal balance of two-million ($2,000,000.00) and all interest that has accrued thereon.

14. As Collateral for the Loan and security for the Note, Trinkle executed a Mortgage on August 15, 2008, granting Bessent, *inter alia*, all rights, title and interest in certain property as more specifically defined in the Note and Schedule A annexed to the Mortgage. See Exhibit A.

15. The Mortgage between Defendant, as mortgagor, and Plaintiff, as mortgagee, secures the payment of Defendant's indebtedness as set forth in the Note. More specifically, the Mortgage provides in pertinent part:

> This Mortgage ... [is] to secure the payment of an indebtedness in the sum of Two Million ($2,000,000.00) ... to be paid with interest thereon to be computed from [August 15, 2008], at the rate of 5.8 per centum per annum, and to be paid on the 1st day of September, in the year 2008, and each month thereafter, until March 31, 2010, when any outstanding principal and interest will become due according to a certain ... note ... bearing even date herewith ....

*Id.*

16. From March 31, 2010, to date, Defendant has defaulted on his obligations pursuant to the Note and the Mortgage.

17. On April 30, 2010, Bessent issued a default notice to Trinkle. A copy of Bessent's counsel's letter to William Trinkle, dated April 30, 2010, is annexed hereto as Exhibit B and incorporated herein as it set forth at length. The default notice letter stated the events of default under the Note and Mortgage and reserved all of Bessent's rights and remedies.

18. Trinkle has failed to cure his defaults under the Note and the Mortgage.

19. Upon the occurrence of default, among other things, the entire outstanding principal amount owed, plus interest and expenses, at the pre- and post-default rate of interest, including reasonable attorneys' fees incurred by Bessent in collecting and enforcing payment under the Note and under the terms of the Mortgage securing the Note, immediately became due and payable at the option of Bessent without regard to "presentment for payment, notice of dishonor, protest and notice of protest," all of which Defendant expressly waived.

## CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

20. Plaintiff repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. As of March 31, 2010, Defendant has failed to pay the principal sum of Two Million Dollars ($2,000,000.00) and to date, all the interest that has accrued thereon.

22. Defendant is now in default on the Note and has breached the terms of the Note.

23. Trinkle owes Bessent $2,000,000.00 under the Note, together with interest at the rate of 5.8% per annum prior to March 31, 2010, and at the default rate of 11.6% per annum from March 31, 2010 to the date of Judgment, compounded until paid and satisfied in full.

24. Under the Note, Trinkle agreed to pay all costs and expenses, including reasonable attorneys' fees and expenses, incurred by Bessent in connection with the collection of all amounts due, owing and outstanding pursuant to the Note.

25. By reason of the foregoing, Bessent is entitled to a Judgment against Trinkle in an amount to be more fully determined at trial, but not less than $2,000,000.00, plus interest thereon, which has accrued and continues to accrue at the compound rate of 5.8% per annum prior to March 31, 2010, and at the compound rate of 11.6% per annum after March 31, 2010, until payment in full satisfaction of all amounts due and owing by Trinkle, plus reasonable costs and expenses, including counsel fees and expenses, incurred in connection with the collection of all amounts due, owing and outstanding under the Note, in an amount to be more specifically determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant at trial as follows:

(a) A Judgment in favor of Bessent in an amount to be determined more fully at trial, but not less than $2,000,000.00 in unpaid principal, together with compound interest, which has accrued and continues to accrue at the rates set forth in the Note, plus the costs and expenses, including reasonable attorneys' fees and expenses, incurred by Bessent in connection with the collection of all amounts due, owing and outstanding under the Note, in an amount to be more fully determined at trial; and

(b) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 23, 2010

BLANK ROME LLP

By: *[signature]*
Philippe M. Salomon (PS-5365)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5455

*Attorney for Plaintiff Scott K.H. Bessent*

# Exhibit A

Form 8011

Mortgage Note. Individual or Corporation. (Straight or Installment.)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

 COPY

# MORTGAGE NOTE

$ 2,000,000.00     New York, New York,     August 15, 20 08

FOR VALUE RECEIVED,
William F. Trinkle, having an address at
252 Seventh Avenue, Apt. 18C, New York, New York 10001

promise to pay to
Scott K. H. Bessent

or order, at 1 Sutton Place South, 7B, New York, New York 10022

or at such other place as may be designated in writing by the holder of this note, the principal sum of

Two Million ($2,000,000.00)     Dollars by     March 31, 2010

with interest thereon to be computed from the date hereof at the rate of     5.8     per centum per annum, ~~xxxxxxxxxx~~ and to be paid on the     1st day of September 2008
each month     thereafter and shall be added to the principal on said date and accrue interest as such, if not paid. The entire principal together with any accrued but unpaid interest shall be due and payable on or before March 31, 2010. All or any part of the principal may be prepaid at any time and from time to time without penalty. Payments shall first be applied to accrued interest and the balance to the principal. In the event of a default in the payment of principal on or before March 31, 2010, the principal amount of the note shall accrue interest at a default rate of 11.6% per annum, or the highest rate permitted by law, whichever is less, until payment. Upon default in making payment, the Borrower agrees to pay all legal fees and costs of collection to the extent permitted by law.

IT IS HEREBY EXPRESSLY AGREED, that the said principal sum secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate in the See Schedule A.

This note replaces and supersedes the promissory term note between the above parties dated March 8, 2006 in the original principal amount of $1,526,000.00.

This note may not be changed or terminated orally.

_William F. Trinkle_ (signature) COPY

**TO BE USED ONLY WHEN THE ACKNOWLEDGEMENT IS MADE IN NEW YORK STATE**

STATE OF NEW YORK, COUNTY OF New York    SS:

On the 15th day of August 2008 before me, the undersigned, personally appeared

William F. Trinkle

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

(signature and office of individual taking acknowledgment)
Notary Public, State of New York
No. 02BI6087673
Qualified in New York County
Commission Expires February 24, 2011

STATE OF NEW YORK, COUNTY OF    SS:

On the before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

(signature and office of individual taking acknowledgment)

COPY

**TO BE USED ONLY WHEN THE ACKNOWLEDGEMENT IS MADE OUTSIDE NEW YORK STATE**

STATE (OR DISTRICT OF COLUMBIA, TERRITORY, OR FOREIGN COUNTRY) OF    SS:

On the before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the _____ in _____
(insert the City or other political subdivision) (and insert the State or Country or other place the acknowledgment was taken)

(signature and office of individual taking acknowledgment)

### Mortgage Note

TITLE NO.

**William F. Trinkle**
WITH
**Scott K. H. Bessent**

SECTION
BLOCK
LOT
COUNTY OR TOWN
STREET ADDRESS

Return by Mail to

Zip No.

## Schedule A Description

Title Number **07-20303-S-P**               Policy Number: **1202023-0036260**               Page   1

All that certain plot, piece or parcel of land, situate, lying and being in the Town of East Hampton, at East Hampton, County of Suffolk and State of New York, being known and designated as Lot 1 on a certain map entitled, "Map of 10A Ranch," said map was filed in the Office of the Clerk of Suffolk County on 07-15-1999 as Map No. 10311.

Form 8015                    Mortgage (Subordinate) Individual or Corporation.

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS MORTGAGE, made the 15th day of August, 2008

BETWEEN the mortgagor,
William F. Trinkle,
having an address at 252 Seventh Avenue, Apt. 18C, New York, New York 10001

and the mortgagee,
Scott K. H. Bessent,
having an address at 1 Sutton Place South, 7B, New York, New York 10022

WITNESSETH, that to secure the payment of an indebtedness in the sum of Two Million ($2,000,000.00)

lawful money of the United States, to be paid

with interest thereon to be computed from the date hereof, at the rate of 5.8 per centum per annum, and to be paid on the 1st day of September, in the year 20 08, nextxxxxing and each month thereafter, until March 31, 2010 when any outstanding principal and interest will become due according to a certain bond, note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the See Attached Schedule A.

TOGETHER with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

TOGETHER with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

TOGETHER with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

AND the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee, after default in the payment of any installment of principal or of interest for fifteen days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in installments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first installment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent. per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

13. That the mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five days' written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14. That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the mortgagor, in the event of the passage of any law deducting from the value of land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage.

15. That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16. If the mortgagor fails to pay any installment of principal or interest on any prior mortgage when the same becomes due, the mortgagee may pay the same, and the mortgagor on demand will repay the amount so paid with interest theron at the legal rate and the same shall be added to the mortgage indebtedness and be secured by this mortgage.

17. That the execution of this mortgage has been duly authorized by the board of directors of the mortgagor.

*Strike out clause 17 if inapplicable.*

18. This mortgage is subject and subordinate to

| a mortgage in the amount of $645,000.00 | from William F. Trinkle | | |
|---|---|---|---|
| to SunTrust Mortgage, Inc. | | | |
| dated January 3, 2007 , recorded on | | in Liber | at page |
| in the office of | | | |
| a mortgage in the amount of $ | from | | |
| to | | | |
| dated , recorded on | | in Liber | at page |
| in the office of | | | |
| a mortgage in the amount of $ | from | | |
| to | | | |
| dated , recorded on | | in Liber | at page |
| in the office of | | | |
| a mortgage in the amount of $ | from | | |
| to | | | |
| dated , recorded on | | in Liber | at page |
| in the office of | | | |

This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs, personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage. The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

IN WITNESS WHEREOF, this mortgage has been duly executed by the mortgagor.

IN PRESENCE OF:

*COPY*

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF             )

On the_____ before me, the undersigned, personally appeared _____,

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

_____
Signature and office of
individual taking acknowledgment

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF New York    )

On the 15th day of August
2008 before me, the undersigned, personally appeared
William F. Trinkle,
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

_____
Signature and office of
individual taking acknowledgment

CHARLES S. RICH
Notary Public, State of New York
No. 02RI6087673
Qualified in New York County
Commission Expires February 24, 2011

** State, District of Columbia, Territory, Possession, or Foreign Country
_____ ) ss.:

On the_____ before me, the undersigned, personally appeared
_____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the
_____ in _____
(City or other political subdivision)        (State or Country or other place the acknowledgment was taken)

_____
Signature and office of
individual taking acknowledgment

** For acknowledgments taken outside of New York State.

**Mortgage**
(SUBORDINATE)

Title No. _____

William F. Trinkle
TO
Scott K. H. Bessent

SECTION
BLOCK
LOT
COUNTY OR TOWN
STREET ADDRESS

Recorded At Request of

RETURN BY MAIL TO:

Zip No.

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

## Schedule A Description

Title Number 07-20303-S-P             Policy Number: 1202023-0036260             Page   1

All that certain plot, piece or parcel of land, situate, lying and being in the Town of East Hampton, at East Hampton, County of Suffolk and State of New York, being known and designated as Lot 1 on a certain map entitled, "Map of 10A Ranch," said map was filed in the Office of the Clerk of Suffolk County on 07-15-1999 as Map No. 10311.

## AFFIDAVIT UNDER SECTION 253(1-a) OF THE TAX LAW

State of New York    }
County of New York   }ss:



SCOTT K. H. BESSENT being duly sworn, deposes and says:

1. That I am the Mortgagee and a natural person or that we are the Mortgagees and are all natural persons and we all having signed this 253(1-a) Affidavit.

2. The mortgaged premises consist of real property improved by a structure containing six residential dwelling units or less, each with separate cooking facilities.

3. The Mortgagor is WILLIAM F. TRINKLE.

4. The amount of this mortgage is $2,000,000.00.

5. That exemption from further tax is claimed under Section 253(1-a) of the Tax Law as to the said instrument herewith offered for recording.

_____
Mortgagee

Sworn to before me this
_____ day of August, 2008

_____
Notary Public

Notes:

1. All mortgagees must sign this Affidavit and all must be natural persons. An attorney cannot make this Affidavit on behalf of their client without a Power of Attorney in recordable form and a letter as to why their client cannot sign this Affidavit.

2. Mortgagor does not have to be a natural person.

# Exhibit B

# BLANK ROME LLP
COUNSELORS AT LAW

*Phone:* (212) 885-5455
*Fax:* (917) 332-3792
*Email:* PSalomon@BlankRome.com

April 30, 2010

**BY REGISTERED MAIL --**
**RETURN RECEIPT REQUESTED**

Mr. William F. Trinkle
174 Cedar Street
East Hampton, New York 11937

Mr. William F. Trinkle
252 Seventh Avenue
Apt. 18C
New York, New York 10001

Mr. William F. Trinkle
Francis Realtors
305 1st Street S.W.
Roanoke, Virginia 24011

Re: Mortgage Note

Dear Mr. Trinkle:

This Firm represents Mr. Scott K.H. Bessent and on his behalf, I write regarding your default in the payment of two-million dollars ($2,000,000) in principal, together with accrued interest, that was due and owing on March 31, 2010, pursuant to the Mortgage Note, dated August 15, 2008 (hereinafter the "Note"), that you executed on even date. For your reference, I am enclosing herewith a copy of the Note and the Mortgage, dated August 15, 2008, securing the Note.

More specifically, you executed the Note where you promised to pay Scott K.H. Bessent the principal sum of two-million dollars ($2,000,000.00) by March 31, 2010. Additionally, you covenanted to pay Mr. Bessent monthly interest on the principal amount at the rate of 5.8 percent (5.8%) per annum, to be compounded if not paid. The Note provides in pertinent part:

> "The entire principal together with any accrued
> interest shall be due and payable on or before
> March 31, 2010."

**BLANK ROME LLP**
COUNSELORS AT LAW

Mr. William F. Trinkle
April 30, 2010
Page -2-

You have defaulted on this express obligation. Please accept this letter as a demand for the immediate, full payment.

Please be further informed that upon your default on March 31, 2010, interest now accrues at the default rate of 11.6 percent (11.6%) until payment in full is received by Mr. Bessent. You have also agreed that under the circumstances of default, you will pay all of Mr. Bessent's legal fees relating to, and the costs of, collecting the amounts due and owing pursuant to the Note.

As you are no doubt aware, the Mortgage, dated August 15, 2008, between you, as the mortgagor, and Mr. Bessent, as mortgagee, secures the payment of your indebtedness, as more specifically defined in the enclosed Note. You have not only mortgaged to Mr. Bessent the property set forth in Schedule A to the Mortgage but also covenanted, as relevant here, to pay two-million dollars ($2,000,000.00) together with interest at 5.8 percent (5.8%) per annum. Again, you have defaulted on this express obligation.

Finally, if you do not pay forthwith the full amount due and owing, then pursuant to Paragraph 7 of the Mortgage, I hereby request that you furnish to me, within ten (10) days of receipt of this letter, a written statement duly acknowledging the amount due on the Mortgage. In this regard, kindly state whether you contend that there are offsets or defenses against the mortgage debt and if so, please identify them with specificity.

It is my sincerest hope that you will fulfill your contractual responsibilities under the Note and Mortgage by paying all amounts due, owing and outstanding. Obviously, your failure to make the requisite payments will leave Mr. Bessent with no choice but to enforce his rights and to pursue all available remedies permitted by law. I look forward to your favorable reply.

Nothing in this letter should be deemed, construed, or interpreted as a waiver of Mr. Bessent's rights, all of which are hereby expressly preserved.

Very truly yours,

Philippe M. Salomon

PMS:aea
Enclosures

cc: Mr. Scott Bessent

900200.00001/6880272v.1