UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SCOTT K.H. BESSENT,

                                Plaintiff,

   -against-

WILLIAM F. TRINKLE,

                                Defendant.
-------------------------------------------------------X

Case No. 10 CV 4908 (RJS)
ECF Case

**ANSWER**

Defendant William F. Trinkle ("Trinkle"), by his undersigned counsel, as and for his answer to the complaint of plaintiff Scott K.H. Bessent ("Bessent"), dated June 23, 2010, hereby admits, denies and alleges:

1. Paragraph 1 of the complaint contains legal assertions or conclusions to which no response is required, but admits that the complaint seeks the relief described therein.

2. Denies that Bessent is a domiciliary of the State of Florida, and denies knowledge or information sufficient to form a belief as to the remainder of ¶2 of the complaint.

3. Admits that Trinkle is a domiciliary of New York State, but denies the remainder of the allegations of ¶3 of the complaint.

4. Admits that Trinkle is a citizen of the State of New York and that the amount in controversy exceeds the sum of $75,000, and denies the remainder of ¶4 of the complaint.

5. Admits that Trinkle is domiciled in New York, and denies the remainder of ¶5 of the complaint.

6. Admits that Trinkle resides in the State of New York and that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York, and denies the remainder of ¶6 of the complaint.

7. Denies the allegations in ¶7 of the complaint.

8. Admits the allegations in ¶8 of the complaint.

9. Admits that the principal amount of the Note is $2 million and that it bore interest at 5.8%, but denies knowledge or information sufficient to form a belief as to the remainder of the allegations in ¶9 and begs leave to refer to the original Note for its true contents and legal effect.

10. Admits that the note became due on March 31, 2010 as alleged in ¶10 of the complaint, but denies knowledge or information sufficient to form a belief as to the remainder of the allegations in ¶10 and begs leave to refer to the original Note for its true contents and legal effect.

11. Admits that the note has a default interest rate of 11.6% and denies knowledge or information sufficient to form a belief as to the remainder of the allegations in ¶11 of the complaint.

12. Denies the allegations of ¶12 of the complaint and begs leave to refer to the original Note for its true contents and legal effect; and, alleges that the Note provides for Bessent's recovery of legal fees and costs of collection to the extent permitted by law.

13. Admits the allegations of ¶13 of the complaint.

14. Admits that, on August 15, 2008, Trinkle executed a second mortgage in favor of Bessent and denies knowledge or information sufficient to form a belief as to the remainder of the allegations in ¶14 of the complaint and begs leave to refer to the original mortgage for its true contents and legal effect.

15. Paragraph 15 of the complaint contains legal assertions or conclusions to which no response is required.  Trinkle begs leave to refer to the original mortgage for its true contents and legal effect.

16. Denies knowledge or information sufficient to form a belief as to the allegations of ¶16 of the complaint, excepts admits that Trinkle has not paid the Note.

17. Denies knowledge or information sufficient to form a belief as to the allegations of ¶17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations of ¶18 of the complaint, excepts admits that Trinkle has not paid the Note.

19. Paragraph 19 of the complaint contains legal assertions or conclusions to which no response is required.  Trinkle begs leave to refer to the original Note and Mortgage for their true contents and legal effect.

20. Answering ¶20 of the complaint, the responses to ¶¶1-19 thereof are repeated.

21. Admits the allegations of ¶21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶22 of the complaint, except admits that Trinkle has not paid the Note.

23. Paragraph 23 of the complaint contains legal assertions or conclusions to which no response is required.  Trinkle begs leave to refer to the original Note for its true contents and legal effect.

24. Paragraph 24 of the complaint contains legal assertions or conclusions to which no response is required.  Trinkle begs leave to refer to the original Note for its true contents and legal effect.

25. Denies the allegations of ¶25 of the complaint.

**Affirmative Defense – No Subject Matter Jurisdiction**

26. Contrary to the allegations of the complaint, Bessent is domiciled in and is a citizen of the State of New York. Trinkle is also domiciled in and is a citizen of the State of New York. There is no diversity of citizenship between the parties. The Court has no subject matter jurisdiction. The case should be dismissed.

**First Set-Off or Counterclaim -- Real Estate Brokerage Commission**

27. From approximately 1997 through January 2004, Bessent and Trinkle lived together in an intimate committed relationship akin to marriage (the "Relationship").

28. At all relevant times, Trinkle was a New York State licensed real estate broker.

29. In or about 2001, Bessent requested Trinkle to find a new New York City residence for Bessent to purchase and for Bessent and Trinkle to live in together. Trinkle found Penthouses C, D and E at 252 Seventh Avenue, New York, New York (the "Penthouse Units"), in a luxury apartment building under development. Shortly thereafter, Bessent entered into a purchase contract for the Penthouse Units. Trinkle was the procuring broker of the transaction.

30. The purchase contract named Trinkle as a co-broker, along with the developer's sales agent. Pursuant to the terms of the purchase contract or a collateral agreement, Bessent agreed that Trinkle was entitled to and would be paid out of the proceeds of the purchase price, a brokerage commission of approximately 2.5% of the $6.5 million purchase price, or approximately $162,500.

31. Prior to closing, Bessent and Trinkle agreed that Trinkle would waive his commission on condition that the parties actually lived in the Penthouse Units for a least several years.

4

32. At closing, Bessent was given a credit on the purchase price by the seller of the Penthouse Units in an amount equivalent to Trinkle's brokerage commission.

33. At Bessent's instance, the parties never lived in the Penthouse Units.

34. By reason of the foregoing, Bessent is liable to Trinkle, by way of set-off or counterclaim, in an amount to be determined at trial, but in no event less than $162,500, plus interest.

## Second Counterclaim – Return of Personal Files

35. All prior allegations are repeated.

36. Prior to and/or during the parties' Relationship, Bessent hired private detectives, including Kroll Inc., to conduct investigations of Trinkle, including his movements, appointments, meetings and personal matters. The detectives furnished Bessent with files, reports and other materials about Trinkle (the "Personal Files"), which remain in Bessent's possession or control.

37. Bessent agreed to deliver the Personal Files to Trinkle upon the breakup of the Relationship.

38. The Relationship ended in approximately January 2004, but Bessent has failed to deliver the Personal Files to Trinkle, despite Bessent's acknowledgment of the obligation.

39. The Personal Files are unique. Trinkle has no adequate remedy at law.

40. By reason of the foregoing, Trinkle is entitled to the Personal Files, and Bessent should be ordered to deliver the Personal Files to Trinkle.

### Third Counterclaim – Return of Estate Property

41. All prior allegations are repeated.

42. Following the termination of the Relationship, items of personal property belonging to Trinkle, from Trinkle's mother's estate, including family photographs and furniture (the "Estate Property"), were inadvertently shipped to Bessent's residence in Bedford, New York, and remain in Bessent's possession or control.

43. The Estate Property is unique. Trinkle has no adequate remedy at law.

44. Bessent has agreed to deliver the Estate Property to Trinkle, but has failed to do so.

45. By reason of the foregoing, Trinkle is entitled to the Estate Property, and Bessent should be ordered to deliver the Estate Property to Trinkle.

### Fourth Counterclaim – Damages

46. All prior allegations are repeated.

47. During the parties' Relationship, they owned two dogs, which remained with Trinkle after the end of the Relationship. In approximately 2008, the dogs had terminal illnesses, and the parties agreed that each would pay half of the cost of their care. Bessent has failed to pay his half of the cost. Trinkle has been damaged in an amount to be proven at trial.

48. During the parties' Relationship, they each owned half of a wine collection which was stored in New York. Additionally, Trinkle independently owned cases of South African wine which was stored in the parties' London residence. Despite his agreement to do so, Bessent has failed to return Trinkle's half of the wine stored in New York and the wine stored in London, and Trinkle has been damaged in an amount to be proven at trial.

**Jury Trial Demanded**

49. Pursuant to Fed. R. Civ. Pro. 38(b)(1), Trinkle hereby demands trial by jury.

**Right to Amend Answer Reserved**

50. Trinkle reserves the right to amend this answer pursuant to Fed. R. Civ. Pro. 15.

WHEREFORE, defendant Trinkle demands judgment:

(a) dismissing the complaint, with costs;

(b) on his first set-off or counterclam, damages in an amount to be determined at trial, but in no event less than $162,500, plus interest;

(c) on his second counterclaim, an order directing plaintiff Bessent to deliver all Personal Files to defendant Trinkle;

(d) on his third counterclaim, an order directing plaintiff Bessent to deliver all Estate Property to defendant Trinkle;

(e) on his fourth counterclaim, damages in an amount to be proven at trial; and

(f) such other and further relief as the Court deems just and proper.

Dated: July 26, 2010

        s/Harold B. Woolfalk_____
        Harold B. Woolfalk (HW3463)
        Jonathan S. Sanoff (JS6936)
        H.B. WOOLFALK & ASSOCIATES, P.C.
        *Attorneys for Defendant William F. Trinkle*
        113 Walworth Avenue
        Scarsdale, New York 10583
        Tel. (914) 725-4406
        Fax (914) 725-4329
        email:  hbwoolfalk@msn.com
        email:  jonathan.sanoff@gmail.com